LAW OFFICES OF EILEEN KEUSSEYAN
5440 Atlantis Court
Moorpark, CA 93021
Telephone: (818) 444-5192
Facsimile: (818) 444-5196

Eileen Keusseyan, Esq.
State Bar No.: 149482

Attorneys for Debtor
NANOR KAVLAKIAN

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re | Chapter 7 |
| NANOR KAVLAKIAN<br>Aka Nanor Kaoulakian<br><br>Debtor, | Case No.: 2:16-BK-14073-RK<br><br>**MOTION TO VACATE DISMISSAL AND REINSTATE CHAPTER 7 CASE; DECLARATION OF EILEEN KEUSSEYAN FRPB §9024; LBR 1017-2(c)**<br><br>**Date: TO BE SET IF NECESSARY** |

TO ALL INTERESTED PARTIES:

PURSUANT TO LOCAL BANKRUPTCY RULE 1017-2(c)(1), NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN TWENTY (20) DAYS FROM THE DATE OF SERVICE UNLESS THE COURT EXTENDS OR SHORTENS THE TIME FOR THE FILING OF SUCH OBJECTION.  IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL

THEREAFTER SET A HEARING. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.

To the Honorable United States Bankruptcy Judge:

COMES NOW, debtor NANOR KAVLAKIAN aka NANOR KAOULAKIAN, (hereinafter "Debtor"), and files this Debtor's Motion to Vacate Dismissal Order and Reinstate Chapter 7 Case pursuant to Federal Rules of Bankruptcy Procedure 9024 and Local Bankruptcy Rule 1017-2(c), (hereinafter "Motion") on the ground that the failure to timely file the schedules and statements and related documents was the mistake, inadvertence, surprise or excusable neglect of Debtor's counsel, and respectfully represents to this Court the following:

### STATEMENT OF FACTS AND PROCEDURAL HISTORY

1. Debtor filed her voluntary petition on March 30, 2016;
2. A case commencement deficiency notice was generated on March 31, 2016, allowing 14 days within which to file the required schedules and statements;
3. A calendaring error on the part of debtor's counsel caused debtor's counsel to believe that the 14 days deadline was April 15th as opposed to April 13th;
4. The required schedules and statements were filed on April 14th and April 15th, 2016 respectively, *prior* to the Court's Order and Notice of Dismissal for Failure to File Schedules and Statements;
5. The Court's Order dismissing Debtor's Chapter 7 case was filed on April 18, 2016.

### AUTHORITIES

6. The Court has the authority to grant the relief sought herein pursuant to Federal Rule of Civil Procedure 60(b)(1), made applicable through Federal Rule of Bankruptcy Procedure 9024 and Local Bankruptcy Rule 1017(c).

7. The above cited rules provides that "On motion and upon such terms as just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; … (6) any other reason justifying relief from the operation of the judgment".

8. In this case, and as stated in the attached declaration of Eileen Keusseyan, counsel inadvertently and erroneously failed to accurately calendar the 14 day deadline within which to file the required schedules and statements; however, the required documents were filed respectively on April 14th and April 15th, 2016, *prior* to the Order dismissing the Chapter 7 case for failure to file the schedules and statements.

9. Further, the Bankruptcy Code grants the Court broad powers to "issue any order, process, or judgment that is necessary and appropriate to carry out the provisions of" the Bankruptcy Code. 11 U.S.C. §105.

10. In this case, it was Debtor's counsel's inadvertence and error in accurately calendaring the 14 day deadline which caused the dismissal of the case. The Debtor should not be penalized for such error.

11. Finally, vacating the dismissal and reinstating the chapter 7 case will be of no prejudice to any of the creditors. The Court has already set a date for the 341(a) hearing and if the case is reinstated, this matter can proceed according to the schedule already set by this Court.

## CONCLUSION

12. Based on the foregoing, and the attached declaration of Eileen Keusseyan, Esq., Debtor respectfully requests that the Order and Notice of Dismissal be Vacated, the case reinstated to the active docket and the Debtor be allowed to move forward with her "fresh start".

Dated: April 20, 2016

LAW OFFICES OF EILEEN KEUSSEYAN

*/s/ Eileen Keusseyan*

Eileen Keusseyan, Esq.
Attorney for Debtor

3

## DECLARATION OF EILEEN KEUSSEYAN, ESQ.

I, Eileen Keusseyan, hereby declare as follows:

1. I am an attorney duly licensed to practice before all courts in the State of California and am a member in good standing with the U.S. District Court for the Central District of California. I am the attorney primarily responsible for the representation of Debtor NANOR KAVLAKIAN aka NANOR KAOULAKIAN.

2. I filed the Debtor's voluntary petition on March 30, 2016;

3. A case commencement deficiency notice was generated on March 31, 2016, allowing 14 days within which to file the required schedules and statements;

4. A calendaring error on my part caused me to believe that the 14 days deadline was April 15th as opposed to April 13th;

5. I filed the required schedules and statements on April 14th and April 15th, 2016 respectively. The filed schedules and statements are attached hereto as Exhibit "A" collectively;

6. However, on April 18th, I realized that the Court issued an Order and Notice of Dismissal for Failure to File Schedules and Statements. The Order was issued on April 18th. I immediately contacted the case intake clerk at the Bankruptcy Court and I was informed that because the case commencement deficiency notice was for completion by April 13th, the system automatically generated an Order of Dismissal despite the fact that the required Schedules and Statements were filed *prior* to such Order.

7. I request that the debtor, not be penalized for my error in calendaring and the case be reinstated so that the debtors can move forward with their fresh start.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 20th day of April, 2016 in Moorpark, California.

By: _____
Eileen Keusseyan, Esq.
Attorneys for Debtors

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
5440 Atlantis Court, Moorpark, CA 93021

A true and correct copy of the foregoing document entitled (*specify*): MOTION TO VACATE DISMISSAL AND REINSTATE CHAPTER 7 CASE; DECLARATION OF EILEEN KEUSSEYAN FRBP 9024, LBR 1017-2(C)

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 04/20/2016, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

jmcdaniel@dgdk.com: Brad D. Krasnoff, Trustee
ustpregion16.la.ecf@usdoj.gov: UNITED STATES TRUSTEE

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 04/20/2016, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
HONORABLE ROBERT N. KWAN
UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT
255 E. Temple St., Ste 1682/Ctrm 1675, Los Angeles, CA 90012

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 04/20/2016 | EILEEN KEUSSEYAN, ESQ. | /s/ Eileen Keusseyan |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                         F 9013-3.1.PROOF.SERVICE

EXHIBIT "A"