LAW OFFICES OF EILEEN KEUSSEYAN
5440 Atlantis Court
Moorpark, CA 93021
Telephone: (818) 444-5192
Facsimile: (818) 444-5196

Eileen Keusseyan, Esq.
State Bar No.: 149482

Attorneys for Debtor
NANOR KAVLAKIAN

**FILED & ENTERED**

**APR 26 2016**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** tatum    **DEPUTY CLERK**

**CHANGES MADE BY COURT**

<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>NANOR KAVLAKIAN<br>Aka Nanor Kaoulakian<br><br>           Debtor, | **Chapter 7**<br><br>**Case No.: 2:16-BK-14073-RK**<br><br>**ORDER GRANTING DEBTOR'S MOTION TO VACATE DISMISSAL AND REINSTATE CHAPTER 7 CASE** |

      Pending before the court is Debtor Nanor Kavlakian's ("Debtor") Motion to Vacate Dismissal and Reinstate Chapter 7 Case ("Motion"), filed on April 20, 2016, ECF 20, pursuant to Rule 9024 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 1017-2(c).

      Local Bankruptcy Rule 1017-2(c) permits the Motion to be ruled on without further notice or hearing pursuant to Local Bankruptcy Rule 9013-1(q).  Under Local Bankruptcy Rule 9013-1(q), unless otherwise ordered by the court, the Motion may be determined without a hearing and without additional

notice, because the parties requiring notice already received notice via an NEF. Debtor's Motion provides that no hearing will be conducted on this Motion unless a written objection is filed and served upon Movant within 20 days from the date of service. However, Local Bankruptcy Rule 9013-1(q) does not require 20 days for an objection to be filed, and the Motion can be ruled upon immediately. The court notes that no objection has been filed to this Motion.

Having considered the Motion and the supporting Declaration of Debtor's counsel, Eileen Keusseyan ("Counsel"), and the attached Exhibits, the court determines that Debtor in his request has provided a sufficient explanation of the circumstances of his failure to timely file his case opening documents due to his Counsel's mistaken belief that the deadline was April 15, 2016 to warrant reconsideration of the dismissal of his bankruptcy case for such failure due to "excusable neglect" under Rule 9024 of the Federal Rules of Bankruptcy Procedure, incorporating by reference, Rule 60(b)(1) of the Federal Rules of Civil Procedure. The court further notes that Debtor filed his case opening documents on April 15 and 17, 2016. ECF 16, 17 and 18.

In considering the totality of circumstances of Debtor's Motion and his explanation of his circumstances,

IT IS ORDERED as follows:

1. Debtor's Motion is GRANTED pursuant to Rule 9024 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules 1017-2(c) and 9013-1(q); and
2. The order dismissing this bankruptcy case is hereby VACATED, and the case is reinstated as an active bankruptcy case.

IT IS SO ORDERED.

##

Date: April 26, 2016

_____
Robert Kwan
United States Bankruptcy Judge

2